[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : August 21, 1992 Date of Application : August 21, 1992 Date Application Filed : August 26, 1992 Date of Decision : August 23, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket Number: CR 91-401398;
Gerald M. Klein, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
CT Page 9186
Following a trial by jury, the petitioner was convicted of Manslaughter, 2nd degree (§ 53a-56(a) and Carrying a Pistol Without a Permit (§ 29-35). He was sentenced to ten years for the manslaughter and a consecutive five year term on the weapons charge for a total effective sentence of fifteen years. The Court imposed the maximum sentences.
The petitioner argues that a co-defendant, who pleaded guilty to a charge of conspiracy to commit murder, received a twelve year sentence, and he asks the Division to consider making his sentences concurrent with each other, for an effective term of ten years, which he posits would bring some degree of parity to the sentences of the co-defendants.
The petitioner had been charged in three counts, as follows:
Murder, Accessory to Commit Murder, and Carrying a Pistol Without a Permit. The jury entered a guilty verdict in the first count to the lesser included crime of manslaughter, not guilty to the accessory count and guilty to the weapons charge.
The evidence indicated that the petitioner was a close associate of the co-defendant and helped the co-defendant in the sale of cocaine.
He reportedly said that he was "going to do" the victim and after the shooting said "I got him, I got him." Three bullets taken from the victims body matched the caliber of the weapon the petitioner was carrying. The victim was shot four times, two of the shots being into his back. There was evidence that the petitioner shot and killed the victim.
At the time of the shooting the petitioner was on probation for a narcotics conviction. He also had an earlier narcotics conviction, a burglary conviction, a conviction for carrying a dangerous weapon, a conviction of escape, 1st degree and several misdemeanor convictions.
In view of his direct involvement in this homicide and his history of criminal behavior, the sentencing court could reasonably CT Page 9187 conclude that the maximum penalty was appropriate.
The Division agrees with the reasoning of the sentencing court and finds that the sentence was neither disproportionate nor unfair, pursuant to the standard of Practice Book § 942. The sentence is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.